UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIENNE YUEH,<br>          Plaintiff,<br>    v.<br>LELAND DUDEK,<br>          Defendant. | Case No. 23-cv-00824-AMO<br><br>**ORDER RE ATTORNEY FEES**<br>Re: Dkt. No. 19 |

After Plaintiff Julienne Yueh brought this action for review of the Commissioner of Social Security's decision to deny benefits, the Court remanded the case on stipulation of the parties, and the Commissioner issued a favorable decision. Her attorney, Katherine Siegfried, now seeks $17,480 in attorney fees under Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). ECF No. 19. For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.

I.      **RELEVANT FACTS AND PROCEDURAL HISTORY**

After Ms. Yueh applied for disability benefits, her application was denied initially, at reconsideration, after an initial administrative hearing, and at the Appeals Council. This action for judicial review was then filed pursuant to 42 U.S.C. § 405(g) on Ms. Yueh's behalf. ECF No. 1. Defendant stipulated to a voluntary remand, and this Court issued an order remanding for further proceedings. ECF No. 15. The Court subsequently granted the parties' stipulation for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $1,541. ECF No. 18.

On remand, the Commissioner granted Plaintiff's application and awarded ongoing disability benefits and $98,720.70 in past-due benefits. ECF No. 19, Ex. 3. Under a contingency

fee agreement, Plaintiff agreed to pay counsel up to 25% of any past-due benefits resulting from a favorable disability decision. ECF No. 19, Ex. 4.

In the Notice of Award, Plaintiff was informed that 25% of the past-due disability benefits amounted to $24,680.18, and that this amount was set aside to pay her attorney fees. ECF No. 19, Ex. 3.

## II. LEGAL STANDARD

Attorneys handling Social Security proceedings may seek fees for their work under both the EAJA and the Social Security Act. While the government pays an award pursuant to the EAJA, an award pursuant to Section 406 of the Social Security Act is paid out of a successful claimant's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A); *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), abrogated on other grounds by *Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). Section 406(b)(1) provides that a federal court that "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In passing Section 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

The Supreme Court in *Gisbrecht* explained that Section 406(b) is meant "to control, not to displace, [contingency] fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Even if a fee request under Section 406(b) is within the 25 percent statutory limit, the attorney bears the burden of showing that the fee sought is reasonable, and the court is responsible for serving as an "independent check" to ensure the reasonableness of the fee. *Id.* at 807. Following *Gisbrecht,* the Ninth Circuit has instructed that a Section 406(b) fee request should be assessed by "looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (quoting *Gisbrecht,* 535 U.S. at 808). The court should consider "the character of the representation and the results the representative achieved," and determine "whether the amount [of fees specified in the contingency fee agreement] need be reduced," for such reasons as "substandard performance,

delay, or benefits that are not in proportion to the time spent on the case." *Id.* at 1151. The reasonableness determination is not governed by the lodestar method, because "[t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Id.* at 1150.

Additionally, a Section 406(b) fee award is offset by any award of EAJA fees. Thus, if the court awards fees under both the EAJA and Section 406(b), "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht,* 535 U.S. at 796 (internal quotations and citation omitted; modification in original).

### III. DISCUSSION

The Court finds counsel has met her burden to demonstrate that the requested fees are reasonable but only to an extent. As noted above, Plaintiff entered into a contingent fee agreement providing for a 25% fee, which is consistent with the statutory cap. There is no evidence that Siegfried's performance was substandard; to the contrary, counsel's representation resulted in Plaintiff receiving $98,720.70 in past-due benefits – an excellent result. *See Matos v. Saul*, No. 19-cv-02505-TSH, 2021 WL 1405467, at *2 (N.D. Cal. Apr. 14, 2021) (awarding 25%, equaling $21,474.90 for 53.5 hours of work at an effective hourly rate of $401, under contingent fee agreement where plaintiff received $109,899.60 in benefits upon post-summary judgment remand); *Khlopoff v. Saul*, No. 18-cv-03149-TSH, 2020 WL 7043878, at *2 (N.D. Cal. Dec. 1, 2020) (awarding 25% under contingent fee agreement where plaintiff received $73,209.00 in benefits upon post-summary judgment remand).

Plaintiff's counsel states her non-contingency based hourly rate for appellate cases (not related to Social Security) is currently $500 per hour. ECF No. 19, Ex. 1. She also states she spent 6.55 hours working on this case. Based on the award requested, this would make for an effective hourly rate of $2,649 per hour, well outside any effective hourly rate approved in the cases Siegfried offers in support of the requested award.[1] *See, e.g., Crawford*, 586 F.3d at 1153

---

[1] Indeed, in her supplemental brief, Siegfried states that she "has never requested such a high hourly rate and therefore could not have any precedent for such an award," though she attributes

3

(approving effective hourly rates of $519, $875, and $902); *McCullough v. Berryhill*, No. 16-cv-00625-BLF, 2018 WL 6002324, at *2 (N.D. Cal. Nov. 15, 2018) (approving effective hourly rate of $874.72); *Harrell v. Berryhill*, No. 16-cv-02428-TSH, 2018 WL 4616735, at *4 (N.D. Cal. Sept. 24, 2018) (finding de facto hourly rate of $1,213 reasonable under *Gisbrecht*); *Lopez v. Colvin*, No.14-cv-03395-JSC, 2017 WL 168060, at *2 n.2 (N.D. Cal. Jan. 17, 2017) (approving effective hourly rate of $1,131 even though it was "very high" based on its ultimate reasonableness under *Crawford* factors); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at * 2 (C.D. Cal. Sept. 20, 2016) (approving fees in the amount of $15,000, making for an effective hourly rate of $1,546.39 for 9.7 hours of work, where it was "not so inordinately large in comparison with the number of hours spent by Counsel on the case that it would represent a windfall to Counsel."); *Michelle H. v. Berryhill*, No. 18-cv-2328-JLS (RNB), 2022 WL 1138146, at *4 (S.D. April 18, 2022) (approving hourly rate of approximately $907.76 for 27.5 hours of work, totaling $24,963.40 in fees, and noting that while "higher than most other hourly rates awarded in this District, . . . [the] award more adequately mirrors the risk and complexity of Plaintiff's case and falls closer to the range of hourly rates anticipated by *Crawford*."); *cf. Theresa Y. v. O'Malley*, No. 21- cv-0814-AGS, 2025 WL 1265863, at *1-2 (S.D. Cal. May 1, 2025) ("$45,516.25" in fees for "22.2 hours" of work; effective hourly rate of $2,050.28); *Reddick v. Berryhill*, No. 16-cv-29-BTM-BLM, 2019 WL 2330895, at *1-2 (S.D. Cal. May 30, 2019) ("$43,000" in fees for "21.6 hours" of work; effective hourly rate of $1,990.74); *Kazanjian v. Astrue*, 09 civ. 3678 (BMC), 2011 WL 2847439, at * 2 (E.D.N.Y. July 15, 2011) (fee of $48,064.00 based on 19.75 hours of court work for an effective hourly rate of $2,433 was reasonable). Awarding the requested fee without modification would thus put this case on the outer range of what courts in this and neighboring districts have approved, though Siegfried has not argued that this case is exceptional or so complex that it may properly be considered an outlier warranting such an award on the outer range of what courts in and out of this district have approved.

---

that to her "former clients' past due-award amounts and the number of hours necessary for winning previous cases." ECF No. 22 at 3.

4

The Court is mindful that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). The Court also acknowledges the Ninth Circuit's guidance that "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.' " *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting *Moreno*, 534 F.3d at 1112); *see also Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("The courts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss."). Nonetheless, the full amount of the requested reward is not reasonable simply due to the substantial risk of loss that comes with taking cases on contingency. Given that Plaintiff recovered benefits following a stipulated remand, rather than one obtained after fully briefing in the normal course, and because the requested award would result in a windfall for Siegfried given the number of hours – 6.55 – she billed in this case, the Court finds that awarding approximately 8.29% of the total past due benefits awarded, for a total of $8,187.50 at an effective hourly rate of $1,250, is more in line with the fee awards approved in this district and in keeping with the goals of the Social Security Act. This reduced amount adequately compensates Siegfried for the risks attendant to her representation of Plaintiff, the excellent result achieved she achieved for her client, any delay in receiving payment of her fees, and brings the fee award in proportion to the time spent on the case, while shielding Plaintiff from an unreasonably high fee to be taken from her past-due benefits.

Having determined that the fee sought, as adjusted above, is reasonable, the Court now accounts for the attorney's fees paid by the Commissioner under the EAJA. *Gisbrecht*, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Gisbrecht*, 535 U.S. at 796. Here, the Court finds counsel's Section 406(b) request is reasonable as modified above, and therefore counsel shall

5

refund to Plaintiff the $1,541 in EAJA fees previously awarded. *See Khlopoff*, 2020 WL 7043878, at *2 (finding Section 406(b) request reasonable and directing counsel to refund to client fees previously awarded under the EAJA).

### IV.  CONCLUSION

For the reasons stated above, Siegfried's motion for fees is **GRANTED IN PART AND DENIED IN PART**. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $8,187.50, payable to Katherine Siegfried. Counsel is **ORDERED** to refund the $1,541.00 EAJA fee award to Plaintiff.

**IT IS SO ORDERED.**

Dated: August 6, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**